IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Auda Shilakeh Al Mansuri,<br><br>　　　　Petitioner,<br><br>vs.<br><br>U.S. Department of Homeland Security,<br><br>　　　　Respondent. | No. CV 06-2077-PHX-FJM (ECV)<br><br>**REPORT AND RECOMMENDATION** |

TO THE HONORABLE FREDERICK J. MARTONE, UNITED STATES DISTRICT JUDGE:

　　On August 29, 2006, Petitioner Auda Shilakeh Al Mansuri filed a *pro se* Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 alleging that his continued detention by immigration officials is unlawful. Doc. #1. Petitioner was taken into custody by the Department of Homeland Security and placed in removal proceedings on December 27, 2005. Petitioner contends, however, that on February 2, 2006, Respondent filed a motion to dismiss Petitioner's removal proceedings, which was granted by the Immigration Judge. Petitioner claims that as a result, no removal proceedings are pending against him and he should be released. The District Court reviewed the petition and directed Respondent to file an answer. Doc. #4.

On October 23, 2006, Respondent filed a Response in Opposition to Petition for Writ of Habeas Corpus. Doc. #10. Respondent explains that although Petitioner's initial removal proceedings were dismissed in February 2006 as Petitioner asserts, Respondent again charged Petitioner with removability on August 24, 2006. Doc. #10 at 4. At the time Respondent filed its Response in Opposition, Petitioner's removal proceedings were still pending. Doc. #10 at 5. Accordingly, Respondent asked that the underlying petition seeking release be denied as premature. Id. Petitioner did not file a Reply.

On February 15, 2007, Respondent filed a "Suggestion of Mootness" in which it contends that Petitioner was released on February 14, 2007, under an Order of Supervision. Doc. #11. In the filing, Respondent provides documentation establishing that on November 6, 2006, Petitioner was ordered removed, but that Immigration and Customs Enforcement has been unable to remove him from the United States. Doc. #11, Exh. A. As a result, he has been released from custody pending his removal. Id. Because Respondent's evidence demonstrates that Petitioner has obtained the relief he sought in his petition, this action is moot. The court will therefore recommend that the Petition for Writ of Habeas Corpus be dismissed.

**IT IS THEREFORE RECOMMENDED:**

That Petitioner's Petition for Writ of Habeas Corpus (Doc. #1) be **DISMISSED**.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment. The parties shall have ten days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. See, 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(b) and 72. Thereafter, the parties have ten days within which to file a response to the objections. Failure to timely file objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report and Recommendation by the district court without further review. See United States v. Reyna-Tapia, 328 F.3d 1114, 1121 (9th Cir. 2003). Failure to timely file objections to any factual determinations of the

1  Magistrate Judge will be considered a waiver of a party's right to appellate review of the
2  findings of fact in an order of judgement entered pursuant to the Magistrate Judge's
3  recommendation.  <u>See</u> Fed. R. Civ. P. 72.
4      DATED this 10th day of April, 2007.

*/s/ Edward C. Voss*
Edward C. Voss
United States Magistrate Judge